UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFERY BENJAMIN,

                    Plaintiff,

v.

69th COMMAND OF NYPD, BRIANA PARKER, MATTHEW MAURO, LANDREY CHERENTANT, and TASHEAN SIMSGABY,

                    Defendants.

**MEMORANDUM AND ORDER**

23-cv-2643-LDH-LKE

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Jeffery Benjamin ("Plaintiff"), proceeding pro se, brings the instant action against 69th Command of NYPD ("69th Command"), Briana Parker, Matthew Mauro, Landrey Cherenfant,[1] and Tashea Simsgaby[2] (together, "Defendants"), pursuant to 42 U.S.C. § 1983, for illegal search and seizure, false arrest, false imprisonment, malicious prosecution, and falsely reporting an incident. Defendants move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment to dismiss the complaint in its entirety.

## UNDISPUTED FACTS[3]

On July 1, 2021, a complaining victim (the "Complainant") called 911 and reported that Plaintiff had spit on him and brandished a black object, which the Complainant believed to be a

---

[1] The correct spelling of "Landrey Cherentant" is "Landrey Cherenfant."

[2] The correct spelling of "Tashean Simsgaby" is "Tashea Simsgaby."

[3] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). Additionally, each statement by the opponent must be followed by citation to evidence which would be admissible. Local Civ. R. 56.1(d). If the opposing party fails to contest a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed uncontested and admitted pursuant to the

firearm. (Defs.' Rule 56.1 Statement of Material Facts ("Defs.' 56.1") ¶ 1, ECF No. 28; Decl. of Bailey Forcier ("Forcier Decl."), Ex. A at 4, May 30, 2024, ECF No. 29-1; Forcier Decl., Ex. B at 2, May 30, 2024, ECF No. 29-2; Forcier Decl., Ex. C ("Compl. Room Screening Sheet") at 2, May 30, 2024, ECF No. 29-3.) Upon their arrival to the scene, officers from the New York Police Department ("NYPD"), including Defendant Simsgaby, spoke with the Complainant. (Defs.' 56.1 ¶ 2; Forcier Decl., Ex. D ("Officer Simsgaby's Body-Worn Camera Footage") at 1:40-4:53, May 30, 2024, ECF No. 29-4.) While speaking with NYPD officers, the Complainant identified Plaintiff—via "point out"—as the individual who had engaged in the alleged conduct. (Defs.' 56.1 ¶ 3; Forcier Decl., Compl. Room Screening Sheet at 2-3, May 30, 2024; *see* Forcier

---

local rule. Local Civ. R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009). And, "where there are no[ ] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (collecting cases), *abrogated on other grounds by Gross v. FBI Fin. Servs., Inc.*, 557 U.S. 167 (2009). Indeed, "[w]here . . . the record does not support the assertions in a Local Rule 56.1 statement, those assertions should be disregarded and the record reviewed independently. *Id.* (citing *Zanghi v. Inc. Village of Old Brookville*, 752 F.2d 42, 47 (2d Cir. 1985)).

Per this Court's Individual Rules and Practices, a pro se party's opposition need not "quote, verbatim, the opening 56.1 statement, including all citations, and respond to the moving party's statement of facts immediately beneath each statement," (*see* J. DeArcy Hall Individual Practices, Section III.A(6)(e)). However, a pro se party served with a Local Civil Rule 56.2 notice must nevertheless satisfy the remaining requirements of Local Rule 56.1. *Hinds v. Chexsystem Consumer Rels.*, No. 14-CV-0342 JS AYS, 2015 WL 5794256, at *2 (E.D.N.Y. Sept. 30, 2015) ("[I]f a *pro se* litigant is served with a Local Civil Rule 56.2 notice, he or she is 'then not excused from meeting the requirements of Local Rule 56.1.'" (italics in original)).

Here, Defendants filed and served their Rule 56.1 Statement, (Defs.' Rule 56.1 Statement of Material Facts ("Defs.' 56.1"), ECF No. 28), and the required Local Rule 56.2 Notice to Plaintiff, (*see* Defs.' Not. to Pro Se Litigant Opposing Mot. Summ. J. ("Defs.' 56.2 Not."), ECF No. 40). In response, Plaintiff filed a Rule 56.1 Counterstatement, in which he failed to contest significant portions of the material facts set forth in Defendants' 56.1 Statement and/or cite evidence supporting his assertions. (Pl.'s Rule 56.1 Statement of Material Facts ("Pl.'s 56.1 Counterstatement"), ECF No. 33.) Accordingly, the Court may conclude that the facts in Defendants' 56.1 Statement are uncontested and admissible. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (collecting cases)

Nevertheless, given the "special solicitude" afforded to pro se litigants "when confronted with motions for summary judgment," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), the Court has "exercised its discretion to review the entire record" when deciding the instant motion, *see Kravitz v. Purcell*, 87 F.4th 111, 116 n. 2 (2d Cir. 2023) ("[Plaintiff] did not submit a Rule 56.1 Counter-Statement in response to the defendants' Rule 56.1 Statement. But given [Plaintiff's] pro se status, the district court properly exercised its discretion to review the entire record— including [Plaintiff's] Rule 56.1 Statement, affidavit, and deposition testimony—when deciding the defendants' motion for summary judgment.").

Decl., Officer Simsgaby's Body-Worn Camera Footage at 1:50-2:00, 4:45-4:53, May 30, 2024; Forcier Decl., Ex. P ("Officer Cherenfant's Body-Worn Camera Footage") at 3:00-3:10, Oct. 7, 2024, ECF No. 43-1.) Thereafter, NYPD officers handcuffed Plaintiff and searched him outside the apartment. (Defs.' 56.1 ¶ 4; Forcier Decl., Ex. E ("Pl.'s Dep. Tr.") at 43:4-6, ECF No. 29-5, May 30, 2024; Forcier Decl., Officer Cherenfant's Body-Worn Camera Footage at 4:00-5:40, Oct. 7, 2024.) The officers did not recover a weapon. (Pl.'s Resp. 56.1 ¶ 3; Defs.' 56.1 ¶ 5; Forcier Decl., Pl.'s Dep. Tr. at 43:7-8, May 30, 2024; Forcier Decl., Officer Cherenfant's Body-Worn Camera Footage at 4:00-5:40, Oct. 7, 2024.) Plaintiff was then arrested for menacing in the first degree. (Defs.' 56.1 ¶ 6; Forcier Decl., Ex. F at 2, May 30, 2024, ECF No. 29-6; Forcier Decl., Officer Cherenfant's Body-Worn Camera Footage at 5:40-7:00, Oct. 7, 2024.) Plaintiff was subsequently transported to the 69th Precinct, where he signed a consent-to-search form as to his apartment. (Defs.' 56.1 ¶¶ 7-8; Forcier Decl., Pl.'s Dep. Tr. at 45:9-18, 48:19-22, May 30, 2024; Forcier Decl., Ex. Q ("Pl.'s Suppl. Dep. Tr.") at 28:15-16, Oct. 7, 2024, ECF No. 43-2; Forcier Decl., Ex. R ("Officer Barakat's Body-Worn Camera Footage"), Oct. 7, 2024, ECF No. 43-3; Forcier Decl., Ex. G ("Consent to Search Form"), May 30, 2024, ECF No. 29-7.) Shortly thereafter, NYPD officers, including Defendant Parker, searched Plaintiff's apartment, where they discovered a handgun. (Defs.' 56.1 ¶¶ 9-10; Forcier Decl., Ex. H ("Officer Barakat's Body-Worn Camera Footage (Search)"), May 30, 2024, ECF No. 29-8; Forcier Decl., Ex. I at 2, May 30, 2024, ECF No. 29-9; Forcier Decl, Ex. T ("Officer Parker's Body-Worn Camera Footage I"), Oct. 7, 2024, ECF No. 43-5; Forcier Decl, Ex. U ("Officer Parker's Body-Worn Camera Footage II"), Oct. 7, 2024, ECF No. 43-6; *see* Pl.'s 56.1 Counterstatement ¶ 6.) As a result, Plaintiff was, arrested for criminal possession of a weapon in the third degree, criminal possession of a firearm,

3

and criminal possession of a weapon in the fourth degree. (Defs.' 56.1 ¶ 11; Forcier Decl., Ex. I at 2, May 30, 2024; Pl.'s 56.1 Counterstatement ¶ 3.)

On July 2, 2021, Defendant Simsgaby executed a criminal court complaint that charged Plaintiff with menacing in the second degree, attempted assault in the third degree, menacing in the third degree, harassment in the second degree, criminal possession of a weapon in the third degree, criminal possession of a firearm, and criminal possession of a weapon in the fourth degree. (Defs.' 56.1 ¶ 12; Forcier Decl., Ex. J ("Criminal Court Complaint"), May 30, 2024, ECF No. 29-10; Pl.'s 56.1 Counterstatement ¶ 3.) Plaintiff was arraigned on these charges on the same day. (Defs,' 56.1 ¶ 13; Forcier Decl., Ex. K, May 30, 2024, ECF No. 29-11.) The criminal court case against Plaintiff was dismissed on January 28, 2022. (Defs.' 56.1 ¶ 14; Forcier Decl., Ex. L, May 30, 2024, ECF No. 29-12; Pl.'s 56.1 Counterstatement ¶ 8.) Plaintiff filed a notice of claim on August 12, 2022. (Defs.' 56.1 ¶ 15; Forcier Decl., Ex. M, May 30, 2024, ECF No. 29-13.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movant meets his initial burden, the

4

non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts, *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and italics omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)), including when facing a summary judgment motion, *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Nevertheless, the "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Id.* (citation and internal quotation marks omitted). Moreover, where a nonmoving pro se litigant fails to submit papers in opposition to a motion for summary judgment, the court may grant summary judgment where the undisputed facts "show that the moving party is entitled to a judgment as a matter of law" and the pro se litigant has received notice that failure to respond to the motion for summary judgment with evidence might result in dismissal of the case. *LaGrande v. Key Bank Nat. Ass'n*, 393 F. Supp. 2d 213, 221 (S.D.N.Y. 2005) (quoting *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996)).

## DISCUSSION[4]

As an initial matter, Plaintiff's claims against the 69th Command must all be dismissed with prejudice, as it is not a suable entity. The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396 (2009). This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam); *see also Whitfield v. Lopez*, 15-cv-2827, 2015 WL 6128866, at *3 (E.D.N.Y. Oct. 16, 2015) (*sua sponte* dismissing claims against New York City agency). Accordingly, all claims against 69th Command are dismissed.

### I. Illegal Search and Seizure Claim

Defendant argues that, because Plaintiff consented to a search of his apartment, Plaintiff's claim for unlawful search and seizure must fail as a matter of law. (Defs.' Mem. L. Supp. Mot. Summ. J. ("Defs.' Mem.") at 20-21, ECF No. 39.) The Court agrees.

"It is . . . established [F]ourth [A]mendment law that an individual has a right to be free from unreasonable searches . . . and that 'a search conducted without a warrant issued upon probable cause is "*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions."'" such as consent. *United States v. Kon Yu-Leung*, 910 F.2d 33, 40-41 (2d Cir. 1990) (sixth alteration and italics in original) (first quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); and then *Katz v. United States*, 389 U.S. 347, 357 (1967)). "The standard for measuring . . . consent under the Fourth Amendment is that of

---

[4] Here, Plaintiff failed to submit papers in opposition to Defendant's motion for summary judgment, despite receiving notice that that his failure to respond with evidence to Defendants' motion may result in the dismissal of the case. (*See* Defs.' 56.2 Not.) As such, should the Court find that the undisputed facts "show that the moving party is entitled to judgment as a matter of law," summary judgment may be granted. *LaGrande*, 393 F. Supp. 2d at 221 (quoting *Champion,* 76 F.3d at 486).

'objective' reasonableness-[i.e.,] what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *United States v. Spencer*, 516 F. App'x 53, 54 (2d Cir. 2013) (quoting *Florida v. Jimeno*, 500 U.S. 248, 251 (1991)). As such, "the Fourth Amendment is satisfied when, under the circumstances, it is objectively reasonable for the officer[s] to believe that the scope of the suspect's consent permitted" the particular search. *Jimeno*, 500 U.S. at 249.

"[W]hen a search is conducted pursuant to a subject's purported consent," it is the government's burden to "demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." *Spencer*, 516 F. App'x at 53 (quoting *Schneckloth*, 412 U.S. at 248-49); *see also Mizrahi v. City of New York*, No. 15-CV-6084 (ARR)(LB), 2015 WL 13901416, at *4 (E.D.N.Y. Nov. 24, 2015) (finding that, in a § 1983 suit alleging a violation of the plaintiff's Fourth Amendment protection against illegal searches, "it is the government's burden to prove consent when there is no probable cause for a search . . . ." (citing *Schneckloth*, 412 U.S. at 223)). "In determining whether this burden has been carried, no one factor is controlling.[] Rather, 'the question whether a consent to a search was in fact "voluntary" or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances.'" *United States v. Sanchez*, 635 F.2d 47, 58 (2d Cir. 1980) (quoting *Schneckloth*, 412 U.S. at 227). That is, "the consent to search should be deemed valid if, given the totality of the surrounding circumstances, the consent was voluntarily given . . . ." *Kon Yu-Leung*, 910 F.2d at 41. Consent is voluntarily when it is the "product of that individual's free and unconstrained choice, rather than a mere acquiescence in a show of authority." *United States v. Wilson*, 11 F.3d 346, 351 (2d Cir. 1993) (internal citations omitted). When determining whether consent is voluntary, a court considers factors, including,

7

but not limited to, "the age of the subject, his level of education and of intelligence, and whether he was deprived of food or sleep or subjected to other physical abuse." *Sanchez*, 635 F.2d at 58 (quoting *Schneckloth*, 412 U.S. at 227). And, notably, while courts should be "particularly sensitive to the heightened possibilities for coercion" when consent is purportedly given by someone in custody, "[w]here there is no indication that the subject was 'unable in the face of a custodial arrest to exercise a free choice,' a valid consent may be given." *Id.* (quoting *United States v. Watson*, 423 U.S. 411, 425 (1976)).

Here, despite Plaintiff's assertion that a search was conducted prior to his consent, the record makes plain that Plaintiff's apartment was searched after he signed the consent-to-search form.[5] Further, it is undisputed that, after his initial arrest, Plaintiff was transported back to the 69th Precinct, where he signed a consent-to-search form for his apartment. (Defs.' 56.1 ¶¶ 7-8; Forcier Decl., Pl.'s Dep. Tr. at 45:9-18, 48:19-22, May 30, 2024; Forcier Decl., Consent to Search Form, May 30, 2024.)

Moreover, despite Plaintiff's assertion that his consent to search was coerced, the Court also finds that Plaintiff's consent was voluntary. Tellingly, Plaintiff provides no record support for his assertion that officers coerced him into signing the consent-to-search form. (*See* Pl.'s 56.1 Counterstatement, ¶¶ 4-5.) On this basis, alone, Plaintiff's allegation of coercion is properly disregarded. *See Holtz*, 258 F.3d at 73. Nevertheless, upon an independent review of the record, the Court also finds Plaintiff's statement as to his coercion to be unsupported. *First*, Plaintiff

---

[5] In his 56.1 counterstatement, Plaintiff states that officers searched his apartment prior to securing his consent. (Pl.'s 56.1 Counterstatement ¶¶ 2, 7.) However, upon conducting an independent review of the record, the Court finds Plaintiff's assertion to be unsupported. (*See* Defs.' 56.1 ¶¶ 4, 9; Forcier Decl., Officer Simsgaby's Body-Worn Camera Footage, May 30, 2024; Forcier Decl., Pl.'s Dep. Tr. at 43:4-8, May 30, 2024; Forcier Decl., Officer Barakat's Body-Worn Camera Footage (Search), May 30, 2024; Forcier Decl, Officer Parker's Body-Worn Camera Footage I and II, Oct. 7, 2024.) Accordingly, the Court disregards Plaintiff's assertion. *Holtz*, 258 F.3d at 73. To the extent that Plaintiff's illegal search and seizure claim is premised on a search of his apartment prior to his consent, Plaintiff's claim fails and is dismissed, accordingly.

8

signed the consent-to-search form. (Forcier Decl., Consent to Search Form, May 30, 2024; Forcier Decl., Officer Barakat's Body-Worn Camera Footage, Oct. 7, 2024.) *Second*, during a deposition taken of Plaintiff, he confirmed that he signed the consent-to-search form. (*See* Forcier Decl., Pl.'s Dep. Tr. at 48:19-22, May 30, 2024; Forcier Decl., Pl.'s Suppl. Dep. Tr. at 28:15-16, Oct. 7, 2024.) Indeed, during his deposition, when asked whether he signed the consent-to-search form, Plaintiff testified, "Yes. Why Not. I didn't figure there was going to be a gun." (Forcier Decl., Pl.'s Dep. Tr., at 48:19-22, May 30, 2024.)[6] Plaintiff's testimony—that he consented to a search because he "didn't figure there was going to be a gun," i.e., had nothing to hide—along with his written authorization of the search belies his assertion of coercion. *See United States v. Amry*, No. 02 CR. 612 (DLC), 2003 WL 124678, at *4 (S.D.N.Y. Jan. 16, 2003) (finding that a defendant was not coerced into consenting when he signed a consent-to-search form and testified that he had consented to officers' request to search his apartment because he had nothing to hide). *Third*, the record evinces that Plaintiff was of an age and intellect capable of voluntarily consenting. Indeed, at the time of his consent, Plaintiff was of a mature adult age, (*see* Forcier Decl., Ex. B at 3 ("Defendant Name: Jefferey Benjamin; Age: 58")), May 30, 2024, and although the record does not set forth Plaintiff's education, he reads, writes, and understands English,[7] (*see* Compl.; Forcier Decl., Pl.'s Dep. Tr., May 30, 2024; Forcier Decl., Pl.'s Suppl. Dep. Tr., Oct. 7, 2024). Moreover, the record does not suggest that the officers engaged in any

---

[6] Further, when deposed on the events leading up to him signing the consent-to-search form, Plaintiff testified that he was interviewed by two officers who requested consent to search his apartment. (Forcier Decl., Pl.'s Dep. Tr. at 48:7-8, May 30, 2024.) However, it is well settled that, alone, the presence of two law enforcement officers does not warrant a finding of coercion. *United States v. Garcia*, 56 F.3d 418, 423 (2d Cir. 1995) ("Nor does the presence of three law enforcement officers lend significant support to a claim of coercion").

[7] *See United States v. Scanlon*, No. 15-CR-142-EAW-MJR, 2017 WL 9485698, at *6-*7 (W.D.N.Y. Aug. 10, 2017) (finding education and intellect sufficient to demonstrate defendant's voluntariness where the defendant understood and spoke English), *report and recommendation adopted*, No. 1:15-CR-00142 EAW, 2017 WL 6001268 (W.D.N.Y. Dec. 4, 2017).

9

behavior that would vitiate the voluntariness of Plaintiff's consent.  (*See* Forcier Decl., Officer Cherenfant's Body-Worn Camera Footage, Oct. 7, 2024; Forcier Decl., Officer Barakat's Body-Worn Camera Footage, Oct. 7, 2024; Forcier Decl., Ex. S ("July 1, 2021 Interview of Def."), ECF No. 43-4, Oct. 7, 2024.).  In short, there is no credible evidence that Plaintiff was merely acquiescing in a show of authority and no indication that Plaintiff was coerced, either expressly or implicitly, by the officers.  As such, the record reflects that, given the totality of the circumstances at the time of his written consent, the officers could reasonably have believed that Plaintiff consented to their search.  *Spencer*, 516 F. App'x at 54; *Jimeno*, 500 U.S. at 249.  Plaintiff's assertion that he was coerced into signing the consent-to-search form is, therefore, disregarded.  *See Holtz*, 258 F.3d at 73.

Given the above, Defendants motion for summary judgment on Plaintiff's illegal search and seizure claim is granted, and the claim is dismissed, accordingly.

## II.     False Arrest and False Imprisonment

Defendant argues that Plaintiff's false arrest claim must be dismissed because the arrests were premised on probable cause. (Defs.' Mem. at 6-10.).  The Court agrees again.

It is well-settled that "[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).  Probable cause to arrest is, likewise, a complete defense to a false imprisonment claim brought pursuant to New York law or § 1983.  *See Jones v. J.C. Penny's Dep't Stores Inc.*, 317 F. App'x 71, 73 (2d Cir. 2009) ("The district court's conclusion that the officers had probable cause required dismissal of her federal and state law claim[] for . . . false imprisonment

10

. . . .").[8] An officer has probable cause when he has "reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852. When evaluating probable cause, a court must consider the facts available to the arresting officer at the time of the arrest. *See Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) ("The Supreme Court recently held that the probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." (citing *Devenpeck v. Alford,* 543 U.S. 146, 153 (2004))). Probable cause to arrest is based on the totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213, 230-32 (1983) (holding that the existence of probable cause is determined by the totality of the circumstances); *Jenkins v. City of New York*, 478 F.3d 76, 88 (2d Cir. 2007) ("Probable cause is, of course, evaluated on the totality of the circumstances." (citation omitted)). Of relevance here, "where there is no dispute as to what facts were relied on to demonstrate probable cause, the existence of probable cause is a question of law for the court." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007).

### A. Plaintiff's Arrest for Menacing

Here, the undisputed facts demonstrate that, upon arrival at the scene, the police officers, including Defendant Simsgaby, received a statement from the Claimant, who was both the victim and the eyewitness. (Defs.' 56.1 ¶ 2; Forcier Decl., Officer Simsgaby's Body-Worn Camera Footage at 1:40-4:53, May 30, 2024.) It is also undisputed that, when providing this statement, the Claimant identified Plaintiff by pointing him out as the individual who spat on him and brandished the alleged firearm. (Defs.' 56.1 ¶ 3; Compl. Room Screening Sheet at 2-3, May 30,

---

[8] *See also Zanghi v. Inc. Vill. of Old Brookville*, 752 F.2d 42, 45 (2d Cir. 1985) ("It is abundantly clear that a finding of probable cause will defeat [a] state tort claim[] for . . . false imprisonment . . . ." (citation omitted)); *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("Probable cause is a complete defense to a constitutional claim of . . . false imprisonment" (citation omitted)).

11

2024; *see* Forcier Decl., Officer Simsgaby's Body-Worn Camera Footage at 1:50-2:00, 4:45-4:53, May 30, 2024.) It was only after the Complainant's identification of Plaintiff that the officers placed him under arrest for menacing in the first degree. (Defs.' 56.1 ¶ 6; Forcier Decl., Ex. F at 2, May 30, 2024.) Importantly, there are no facts in the record that might suggest the officers, including Defendant Simsgaby, should have doubted the Complainant's credibility or the accuracy of his information. Under the totality of the circumstances at the time of the arrest, and based on the undisputed facts, the officers possessed probable cause to arrest Plaintiff for menacing in the first degree. *See Wieder v. City of New York*, 569 F. App'x 28, 29 (2d Cir. 2014) ("'[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." (first alteration in original) (emphasis omitted) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir.2006); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." (internal citations omitted)).

### B. Plaintiff's Arrest for Criminal Possession of a Weapon and Firearm

Plaintiff's claims for false arrest and false imprisonment claims that arise from his arrest for criminal possession of a weapon in the third degree, criminal possession of a firearm, and criminal possession of a weapon in the fourth degree must, likewise, be dismissed. Here, it is undisputed that, following his arrest for menacing in the first degree, Plaintiff was transported back to the 69th Precinct where he signed a consent-to-search form, permitting Defendants to search his apartment. (Defs.' 56.1 Statement ¶ 8.) As discussed in Section I, *supra*, the Court finds that Plaintiff's consent was voluntarily given to the officers. The undisputed facts further demonstrate that, upon searching his apartment, the officers, including Defendant Parker,

12

discovered a firearm. (Defs.' 56.1 ¶¶ 9-10; Forcier Decl., Officer Barakat's Body-Worn Camera Footage (Search), May 30, 2024; Forcier Decl., Ex. I at 2, May 30, 2024; Pl.'s 56.1 Counterstatement ¶ 6.) Plaintiff was subsequently arrested for criminal possession of a weapon in the third degree, criminal possession of a firearm, and criminal possession of a weapon in the fourth degree. (Defs.' 56.1 ¶ 11; Forcier Decl., Ex. I at 2, May 30, 2024; Pl.'s 56.1 Counterstatement ¶ 3.) In light of these facts, the officers, including Defendant Parker, undeniably had probable cause to arrest Plaintiff for criminal possession of a weapon and firearm. *See United States v. Hensley*, 469 U.S. 221, 236 (1985) (finding that "officers had probable cause to arrest [defendant] . . . for possession of firearms," where they discovered weapons during the course of a lawful search).

Given the above, Defendants' motion for summary judgment is granted, and Plaintiff's false arrest and false imprisonment claims are dismissed.

## III.     Malicious Prosecution[9]

Plaintiff presses a claim for malicious prosecution in connection with his charges for menacing and criminal possession of a weapon and firearm, as well as the purportedly false police reports filed by the officers. (Compl., at 4-6, ECF No. 1.)

However, where "there [is] probable cause for the prosecution, then no malicious prosecution claim can stand." *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003); *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (finding that probable

---

[9] Plaintiff's allegation that Defendants falsely reported a crime implicating him does not state a cognizable claim. Merely filing a false police report does not, alone, create a right of action in damages under § 1983. *Bailey v. Tricolla*, No. CV-94-4597 (CPS), 1995 WL 548714, at *5 (E.D.N.Y. Sept. 12, 1995) (quoting *Landrigan v. City of Warwick*, 628 F.2d 736, 744–45 (1st Cir.1980)); *Mamot v. Geico Car Ins.*, No. 21-CV-6717 (LTS), 2021 WL 4443124, at *3 (S.D.N.Y. Sept. 27, 2021) (quoting *Graham v. City of Albany*, No. 08-CV-892, 2009 WL 4263510, at *9-10 (N.D.N.Y. Nov. 23, 2009) (citing *Landrigan*, 628 F.2d 736, 744–45)). However, Plaintiff's claim for false reporting of an incident could be cast as a claim for malicious prosecution, within the scope of § 1983. *Bailey*, No. CV-94-4597 (CPS), 1995 WL 548714, at *5.

13

cause is "a complete defense to a claim of malicious prosecution." (citation omitted)). Probable cause, in the context of malicious prosecution, is the totality of "facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Boyd*, 336 F.3d at 76 (citation omitted); *see Phillips v. DeAngelis,* 331 Fed.Appx. 894, 895 (2d Cir.2009) ("We agree with the District Court that in light of the totality of the evidence, [the officer] had a sufficient basis of probable cause to initiate the prosecution." (alteration accepted) (citation and internal quotation marks omitted)); *Jenkins*, 478 F.3d at 90. That is, "in the context of a malicious prosecution claim, probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." *Rounseville v. Zahl,* 13 F.3d 625, 629 (2d Cir.1994) (citation and internal quotation marks omitted). When evaluating probable cause in the context of malicious prosecution claims, a court must consider the "facts known or believed at the time the prosecution [was] initiated, rather than at the time of arrest." *Danielak v. City of N.Y.,* No. 02–CV–2349, 2005 WL 2347095, at *10 (E.D.N.Y. Sept. 26, 2005) (citation omitted), *aff'd*, 209 Fed.Appx. 55 (2d Cir.2006). Importantly, however, when probable cause for arrest exists and is not later nullified by exculpatory evidence, a finding of probable cause for prosecution is warranted and a claim for malicious prosecution should be dismissed. *See Pugach v. Ventrella*, 152 F.3d 920, at *1 (2d Cir. 1998) ("[C]laims for false arrest and malicious prosecution fail where there is probable cause for arrest." (citation omitted)); *Betts*, 751 F.3d at 82 ("[P]robable cause is a defense to a claim of malicious prosecution if it is not later nullified by information establishing the defendant's innocence." (citation omitted)). In other words, "continuing probable cause is a complete defense to a constitutional claim of malicious prosecution." *Betts*, 751 F.3d at 82 (citation omitted). Indeed, when probable cause supports the arrest itself, to

succeed on a claim for malicious prosecution, a plaintiff must demonstrate that probable cause "dissipated" before the commencement of the prosecution. *Levine v. City of New York*, No. 12-CV-03653(KAM)(ST), 2017 WL 10087274, at *8 (E.D.N.Y. Mar. 30, 2017) (first citing *Johnson v. City of N.Y.*, 08 Civ. 5277, 2010 WL 2292209, at *6 (S.D.N.Y. June 7, 2010); and then *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996), *as amended* (May 21, 1996)). Probable cause dissipates if "the groundless nature of the charges [is] made apparent by the discovery of some intervening fact." *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (citing *Lowth*, 82 F.3d at 571). Notably, probable cause must exist as to each offense charged. *See Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991) (finding that the district court erred when it instructed the jury that if they found probable cause as to any of three charges, no liability for malicious prosecution could be found as to any of the charges).

Here, Defendants Simsgaby and Parker each filed a police report charging Plaintiff with menacing, and criminal possession of a weapon and firearm, respectively. (Forcier Decl., Ex. F at 2, 4, May 30, 2024; Forcier Decl., Ex. I at 2, 4, May 30, 2024.) Moreover, Defendant Simsgaby executed a criminal court complaint, on which Plaintiff was arraigned, charging Plaintiff with menacing in the second degree, attempted assault in the third degree, menacing in the third degree, harassment in the second degree, criminal possession of a weapon in the third degree, criminal possession of a firearm, and criminal possession of a weapon in the fourth degree. (Defs.' 56.1 Statement ¶ 12-13; Forcier Decl., Criminal Court Complaint, May 30, 2024; Forcier Decl., Ex. K, May 30, 2024.) As discussed in Sections II.A and II.B, *supra*, based on the Complainant's identification of Plaintiff and the discovery of a firearm in Plaintiff's apartment, the officers had probable cause to arrest Plaintiff for each charge. As such, to prevail on his malicious prosecution claim, Plaintiff must show that the officers lacked probable cause to

15

initiate the prosecution. *Levine*, 2017 WL 10087274, at *8. That is, Plaintiff must demonstrate that that the probable cause for arrest dissipated between time of the arrest and the initiation of the prosecution. *Id.*; *see also Lowth*, 82 F.3d at 571 ("[E]ven when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." (internal citations and quotation marks omitted)). To do so, Plaintiff would need to point to some occurrence between his arrest and prosecution that would have caused Defendant Simsgaby to realize that the charges were "groundless" due to some exculpatory intervening fact. *See Kinzer*, 316 F.3d at 144 (2d Cir. 2003) (quoting *Lowth*, 82 F.3d at 571). Plaintiff makes no such showing. As such, Defendants are entitled to summary judgment on Plaintiff's malicious prosecution claim.

## CONCLUSION[10]

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. To the extent that Plaintiff also moves for summary judgment, Plaintiff's motion for summary judgment is DENIED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York  　　　　　　　　　　/s/ LDH
　　　　September 30, 2025　　　　　　　　　　LASHANN DEARCY HALL
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[10] To the extent that Plaintiff asserts state law claims, having dismissed the federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C.A. § 1367(c)(3))).